UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID LAVERS,

                  Plaintiff,

v.

STATE OF NEVADA, et al.,

                  Defendants.

3:20-cv-00699-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

Before the court is Plaintiff David Lavers's ("Lavers"), application to proceed *in forma pauperis* (ECF No. 1), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the court recommends that Lavers's *in forma pauperis* application (ECF No. 1) be granted, and his Complaint (ECF No. 1-1) be dismissed, with prejudice.

I.    ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Lavers cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II.   SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. SCREENING OF COMPLAINT

In his Complaint, Lavers sues Defendants State of Nevada, Nevada Governor Steve Sisolak, Director of the Nevada Department of Motor Vehicles Julie Butler, Mineral County, Nevada Justice of the Peace Mike James, Mineral County District Attorney Sean Rowe, and Does under 42 U.S.C. § 1983. (*See* ECF No. 1-1.)

The Complaint relates to two traffic citations issued to Lavers by the Walker River Tribal Police Department in October of 2018. (*Id.*) The first citation (WR11519) alleged a violation of NRS 484B.600, "Basic Speed 16-20" and the second citation (WR07189) alleged a violation of NRS 484B.217, "No passing zone." (*Id.* at 6.) Both citations included summons for court appearances. (*Id.*) On December 18, 2018, Lavers appeared before Justice of the Peace James in Hawthorn Justice Court and was arraigned for the first citation, to which he

1  pled not guilty. (*Id.*) There was no mention of the second citation at the hearing. (*Id.*)
2  Subsequently, Lavers pled guilty to the first traffic citation and paid a fine. (*Id.* at 7.) Because
3  the second citation was left unresolved, on July 12, 2019, Lavers filed a motion for dismissal
4  of the second citation. (*Id.*) Lavers filed a second motion for dismissal on November 14,
5  2019. (*Id.* at 8.) Instead of receiving a response regarding the motions for dismissal, eight
6  months later, Lavers received a document from the Hawthorne Justice Court "demanding
7  either an appearance in person or the payment of bail in the amount now increased from
8  the original $195 to $220, apparently for the second citation." (*Id.*) Thus, on February 1,
9  2020, Lavers sent a money order for $220 and a notice of appeal to the District Court. (*Id.*
10 at 8-9.) Lavers alleges that the Hawthorne Justice Court returned the money order stating
11 it had "gone to collections." (*Id.* at 9.) On March 12, 2020, Lavers called the Hawthorne
12 Justice Court and confirmed that there was an active warrant out for his arrest and the
13 amount being claimed was now over $500. (*Id.*) On March 17 and 20, 2020, Lavers filed
14 motions to quash the bench warrant, which he alleges were ignored. (*Id.*) In addition to the
15 motions to quash the bench warrant, Lavers alleges he contacted Valley Collections and
16 paid the $630 he owed. (*Id.* at 10.) As a result of issues with the second citation, Lavers's
17 driver's license was suspended by the Department of Motor Vehicles. (*Id.*) In sum, Lavers
18 alleges that attempts to pay his second citation were "thwarted by the Court" resulting in a
19 warrant being issued for his arrest due to failure to pay and suspension of his driver's license.
20 (*Id.* at 9-10.) Lavers seeks monetary relief as well as reversal of his guilty plea as to the first
21 citation, dismissal of the second citation, and "[t]he quashing, expungement, and erasure of
22 any [and] all bench warrants and other Hawthorne Justice Court records that may exist."
23 (*Id.* at 13.)

24      42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive
25 rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source
26 of substantive rights, but merely provides a method for vindicating federal rights elsewhere
27 conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and

citations omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the section 1983 elements, a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be liable under section 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

### A. Review of State Court Decision and *Younger* Abstention

The court first notes that, to the extent Lavers is asking this court to review a state court decision, it does not have jurisdiction to sit as an appellate court in review of state court decisions. Any error in state court proceedings must be corrected by the appellate courts of the state and ultimately, where grounds exist, by the United States Supreme Court. *Atlantic Coast Lines R.R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281 (1970).

Further, it appears that Lavers is asking the court to intervene in ongoing state criminal proceedings related to an outstanding bench warrant for an unpaid traffic citation. However, the *Younger* abstention doctrine prevents federal courts from interfering with pending state criminal proceedings even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37 (1971). The Supreme Court has stated that "federal-court abstention is required" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *see also Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994) (noting that when a state criminal defendant brings a federal civil rights lawsuit while his criminal charges are pending, abstention is "an appropriate response to the

1  parallel state-court proceedings").

2  To determine if *Younger* abstention applies, federal courts look to whether the state criminal proceeding is "(1) ongoing, (2) implicate[s] important state interests, and (3) provide[s] an adequate opportunity… to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks omitted); *see also Younger*, 401 U.S. 37. The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmehsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007)). Because it appears Lavers's criminal case is still pending, all prerequisites of the *Younger* abstention doctrine are present. Lavers is the subject of an ongoing criminal proceeding in state court that has not reached final adjudication. The State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. Further, the state court criminal proceedings would afford an opportunity for Lavers to raise the constitutional claims asserted in the Complaint.

Accordingly, the court recommends that the Complaint be dismissed.

**B. State of Nevada as a Defendant**

Next, the court recommends dismissal of the State of Nevada, with prejudice, as amendment would be futile. Lavers cannot raise 42 U.S.C. § 1983 or state law claims against the State of Nevada based on Eleventh Amendment sovereign immunity. *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (holding that "[t]he Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state" and that "[t]he Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature"); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989) (holding that states are not persons for purposes of § 1983); *see* NRS § 41.031(3) (stating that the State of Nevada does not waive its Eleventh Amendment

immunity). The Ninth Circuit has explicitly held that 28 U.S.C. § 1367, the supplemental jurisdiction statute, "does not abrogate state sovereign immunity for supplemental state law claims." *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133-34 (9th Cir. 2006).

### C. Judicial Defendants

Finally, the court notes that Defendants Justice of the Peace Mike James and Mineral County District Attorney Sean Rowe are absolutely immune from suit under § 1983. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."); *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976) (state prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process.").

Based on all of the above, the court recommends that Lavers's Complaint be dismissed, with prejudice, as amendment would be futile. *See Cato*, 70 F.3d at 1106.

## IV.   CONCLUSION

For the reasons articulated above, the court recommends that Lavers's application to proceed *in forma pauperis* (ECF No. 1) be granted, and his Complaint (ECF No. 1-1) be dismissed, with prejudice.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice

of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Lavers's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Lavers's Complaint (ECF No. 1-1); and,

**IT IS FURTHER RECOMMENDED** that Lavers's Complaint (ECF No. 1-1) be **DISMISSED, WITH PREJUDICE**.

**DATED:** January 19, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**